# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NATANAEL RIVERA,

    Plaintiff,

v.                     Case No. 09-CV-1182

CORRECTIONAL OFFICER DRAKE,

    Defendant.

## ORDER

  The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was confined at the Wisconsin Resource Center. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, his motion to appoint counsel, and for screening of the plaintiff's complaint.

  The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.10. The plaintiff's motion will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is

obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the plaintiff's sworn complaint, he was assaulted by defendant Correctional Officer Drake during a random pat-down search on December 15, 2008. The plaintiff was wearing a t-shirt and a pair of shorts and was moving in an orderly fashion down the hallway en route to his housing unit. Drake ordered the plaintiff to submit himself to a pat-down search. During the search, Drake inserted his thumb between the plaintiff's buttocks. The plaintiff avers that this caused the plaintiff substantial trauma. He further avers that Drake conducted the sexually improper pat-down search of the plaintiff intentionally to cause the plaintiff emotional trauma, distress, and suffering. The plaintiff was a victim of childhood sexual abuse, and Drake's conduct exacerbated the plaintiff's emotional trauma and distress.

The plaintiff submits that Drake's conduct violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, as well as the Prison Rape Elimination Act. He seeks monetary relief, including punitive damages.

"In the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Prison officials are certainly permitted to touch, pat down and search a prisoner in

order to determine whether the prisoner is hiding anything dangerous on his person. *Id.* However, a search of a prisoner may violate the Eighth Amendment if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003).

Some courts have found that isolated incidents of harassment, involving verbal harassment and touching, are not generally severe enough to be "objectively, sufficiently serious." *See Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (inmate failed to state an Eighth Amendment claim against prison maintenance employee where "the brief touch to his buttocks lasted mere seconds, [and] it was not accompanied by any sexual comments or banter"); *Boddie v. Schneider*, 105 F.3d 857 (2nd Cir. 1997) (holding allegations that a corrections officer touched an inmate's penis and pressed up against him in a sexual manner were not sufficient to state an Eighth Amendment claim because "isolated episodes of harassment and touching ... do not involve a harm of federal constitutional proportions as defined by the Supreme Court").

Moreover, it is not unheard of for individuals to hide contraband in between their buttocks; accordingly searches of the buttocks have been upheld even for non-prisoners. *See United States v. Williams*, 209 F.3d 940, 943-44 (7th Cir. 2000); *United States v. Jones*, 341 Fed. Appx. 176, 178 (7th Cir. 2009).

Nevertheless, in *Turner v. Huibregtse*, 421 F.Supp.2d 1149, 1151-52 (W.D. Wis. 2006), United States District Judge Barbara Crabb confirmed that "grabbing a

prisoner's buttocks and fondling his penis do not advance any legitimate security interest" and found that the plaintiff alleged sufficient facts to state a claim that a defendant searched him in a harassing manner intended to humiliate and inflict psychological pain.

At this pleading stage, the court finds that the plaintiff may proceed on an Eighth Amendment claim against Drake regarding the December 15, 2008, search.

The plaintiff also cites The Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601, *et seq.*, which was "enacted to study the problem of prison rape and to provide funding and expertise to address it." *Kane v. Winn*, 319 F.Supp.2d 162 (D.Mass. 2004). Nothing in the Act suggests that it was intended to create a private cause of action, and nothing suggests that Congress intended to override the state's Eleventh Amendment immunity. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga University v. Doe*, 536 U.S. 273, 286 (2002). Thus, the plaintiff fails to state a § 1983 claim based on a violation of the Prison Rape Elimination Act.

Finally, the plaintiff filed a motion to appoint counsel. He argues that he is mentally ill and is currently taking anti-psychotic medications for the mental illness. He also submits that he cannot read or write English.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent

indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. The plaintiff should provide the court with the names and addresses of counsel he has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff has been allowed to proceed on one narrow claim against one defendant that is not legally complex. Also, despite his representations regarding his mental illness and his inability to read and write English, the plaintiff's pleadings have been very well-written.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $338.90 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

-9-

Case 2:09-cv-01182-WCG    Filed 03/23/10    Page 9 of 10    Document 6

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge