UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATANAEL RIVERA,

                  Plaintiff,

v.

CORRECTIONAL OFFICER DRAKE,

                  Defendant.

Case No. 09-CV-1182-JPS

ORDER

      Now before the court are the parties' motions for summary judgment, which were fully briefed and became ready for decision when the defendant filed his reply brief on December 5, 2011. Then, on December 6, 2011, the plaintiff file a notice of voluntarily dismissal, which he now asserts he did not file. In any event, such a dismissal is inappropriate at this stage in the litigation, after the parties have conducted discovery and the summary judgment motions have been fully briefed. Also before the court are a number of motions filed by the plaintiff after the completion of briefing on the motions for summary judgment.

1.     Summary Judgment Standard

      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A

dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

2. Factual Background

As the Seventh Circuit noted in *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), a person comparing the plaintiff's version of events with that of the defendant "would be forgiven for thinking that each was recalling an entirely different event."

> The standard of review governing summary judgment, however, resolves at least one question: we must accept all facts and reasonable inferences in the light most favorable to the non-moving party – here, the plaintiffs. We do not judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact.

*Id.* (Citations omitted). Thus, the court will present the plaintiff's version of the facts.

The plaintiff, Natanael Rivera, is a state prisoner who was housed at the Wisconsin Resource Center (WRC) during the time relevant to this case. Defendant Correctional Officer Drake is an employee of the Wisconsin Department of Corrections who worked at the WRC.

On or about December 15, 2008, the plaintiff was dressed in a t-shirt and a pair of shorts, prepared to return from recreation. While the plaintiff was moving in an orderly fashion in a WRC population hallway en route to his housing unit, Officer Drake ordered the plaintiff to submit to a pat-down search.

The plaintiff complied with the command and allowed Officer Drake to conduct a pat-down search. Officer Drake began with the plaintiff's shoulders and arms and moved down to his legs. Officer Drake touched the plaintiff's buttocks and inserted his thumb between the plaintiff's buttocks. The plaintiff suffered substantial trauma, distress and suffering.

The plaintiff went to the pastor at the WRC many times to consult him about the incident The pastor was the plaintiff's refuge and counsel. Both the WRC and the Oshkosh Police Department conducted investigations of the plaintiff's complaint; both found the plaintiff's claim to be unfounded.

3. Discussion

The plaintiff has filed two motions for summary judgment, and the defendant has filed one motion for summary judgment. All of the motions relate to the plaintiff's Eighth Amendment claim regarding the pat-down search the defendant conducted on December 15, 2008.

### 3.1 Eighth Amendment

"In the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Prison officials are certainly permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous on his person. *Id.* However, a search of a prisoner may violate the Eighth Amendment if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003).

In *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), the Court of Appeals for the Second Circuit affirmed the dismissal at screening of a prisoner's claim. According to Boddie, a female correctional officer made a pass at him one day and then the next day squeezed his hand, touched his penis, and made a comment in which she referred to him as a "sexy black devil." *Id.* at 859-60. The correctional officer also pinned the plaintiff against the wall with her chest. *Id.* at 860. The Second Circuit acknowledged that allegations of sexual abuse may meet both the subjective and objective elements of the constitutional test for an Eighth Amendment claim, but determined:

> He asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be "objectively, sufficiently serious." Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.

*Id.* at 861 (citations omitted).

In *Jackson v. Madery*, 158 Fed.Appx. 656 (6th Cir. 2006), the Sixth Circuit affirmed a grant of summary judgment. There, the defendant rubbed and grabbed the plaintiff's buttocks in a degrading and humiliating manner during a shakedown in the prison food area. *Id.* at 661. The plaintiff immediately pulled away, objected, and asked to see a supervisor. *Id.* He also had three witnesses who supported his claims. *Id.* Even taking the plaintiff's allegations as true, the court determined that "the incident does not rise to the level of cruel and unusual punishment under the Eighth Amendment." *Id.*

In *Allen v. Johnson*, 66 Fed.Appx. 525 (5th Cir. 2003), the Fifth Circuit affirmed the dismissal of a complaint at screening. Even where the defendant touched the plaintiff in a sexual manner during routine pat-down searches, the plaintiff "has not alleged sufficiently serious assaultive behavior or resulting injury to show a constitutional deprivation." *Id.* (citations omitted).

The Eleventh Circuit affirmed the district court's granting of a motion to dismiss in *Washington v. Harris*, 186 Fed.Appx. 865 (11th Cir. 2006). In that case, the complaint alleged that the defendant crept up behind the plaintiff while he was working and grabbed his genitals. *Id.* at 865. The plaintiff resisted and turned around, at which time the defendant kissed him on the mouth and threatened to perform oral sex on him. *Id.* The district court granted the defendant's motion to dismiss, "finding that Washington's allegations, taken as true, fail to establish a constitutional violation and instead amount to a simple case of assault and battery." *Id.* at 866. The Eleventh Circuit found no error and stated:

> To allege a violation of a prisoner's Eighth Amendment rights, a complaint must state facts that establish an objectively serious injury. Assaults that result in only de minimus harm do not rise to the level of constitutional infractions unless the behavior of the officer in question can be deemed "'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (internal citations omitted). Although Washington alleges that he was subjected to an offensive and unwanted touching, he alleges only momentary pain, "psychological injury," embarrassment, humiliation, and fear. These de minimus injuries do not rise to the level of constitutional harms, and Deas's conduct, while inappropriate and vulgar, is not repugnant to humanity's conscience. Moreover, even assuming that Deas's behavior was sufficiently repugnant to give rise to a constitutional claim, no case law clearly establishes that such conduct violates the Constitution, and thus we cannot say that any reasonable officer would have known of it. The district court did not err in dismissing the § 1983 claims.

*Id.*

### 3.2 Plaintiff's Motions for Summary Judgment

On August 8, 2011, the plaintiff filed his first motion for summary judgment. He argued that Officer Drake had no justification for his actions because he had visually observed no contraband on the plaintiff. As evidence to support his factual allegations, the plaintiff submits that he did not receive a conduct report for lying about staff after he made his complaint about Officer Drake inserting a finger between the plaintiff's buttocks. He suggests that this implies his assertion was not a lie. The plaintiff concludes that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law

The defendant filed a response to the plaintiff's motion for summary judgment on September 2, 2011. First, the defendant argues that the plaintiff

did not comply with the Federal Rules of Civil Procedure and Civil Local Rules (E.D. Wis.) because he did not submit proposed findings of fact. Second, the defendant emphasizes that the facts are disputed because he avers that he did not insert his finger between the plaintiff's buttocks. With regard to the plaintiff's motion, the facts must be viewed in the light most favorable to the defendant, the non-moving party. The defendant's version of what happened does not set forth an Eighth Amendment claim because it describes only a routine pat-down search.

The plaintiff's second motion for summary judgment was filed on November 1, 2011, and it is almost identical to the first motion. Once again, the plaintiff relies on his version of the pat-down search. However, this motion also must be denied because the facts viewed in the light most favorable to the defendant do not show a violation of the plaintiff's constitutional rights. Nevertheless, this motion and the accompanying documents also serve as the plaintiff's response to the defendant's motion for summary judgment and, as such, will be addressed below.

3.3     Defendant's Motion for Summary Judgment

The defendant filed a motion for summary judgment on October 11, 2011. He argues that an officer conducting a pat-down search has the legitimate penological purpose of searching for contraband. He further suggests that some touching of the genital area may be incident to a pat-down search, but that a pat-down search is not unconstitutional unless it is conducted in a harassing manner intended to inflict physical or emotional pain. In response, the plaintiff draws the conclusion, without elaboration or support, that the search was conducted in a harassing manner intended to humiliate him. The defendant, in his reply, argues that the facts are undisputed because of the way the plaintiff responded to his proposed

findings of fact. The court will not consider the facts undisputed where the plaintiff has presented sworn affidavits that create a dispute.

Even when the facts are viewed in the light most favorable to the plaintiff, the defendant is entitled to summary judgment on the plaintiff's claim. The plaintiff was allowed to proceed at screening because it was possible that additional facts existed to show the subjective intent necessary for an Eighth Amendment sexual harassment claim. Yet, at summary judgment, the court has before it the same facts presented by the plaintiff at screening. "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (internal quotation marks and citations omitted).

The plaintiff insists that the pat-down search was conducted in a harassing manner and was intended to humiliate and inflict psychological pain to the plaintiff. However, the plaintiff cannot simply say the magic words to create a constitutional violation when he provides no facts that elaborate on his conclusion. There is no indication that the insertion of the thumb lasted for more than a few seconds or that the defendant made any sexually charged comments to the plaintiff during the pat-down search. Nor is there any suggestion of an ongoing pattern of harassment of the plaintiff.

The plaintiff has presented evidence of only de minimus injury, and the insertion of the defendant's finger between the plaintiff's buttocks during a pat-down search is simply not enough to sustain a constitutional claim. *See Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (inmate failed to state an Eighth Amendment claim against a prison maintenance employee where "the brief touch to his buttocks lasted mere seconds, [and] it was not

accompanied by any sexual comments or banter"); *Boddie*, 105 F.3d at 861 ("The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court."); *Jackson*, 158 Fed.Appx. at 661 (rubbing and grabbing the plaintiff's buttocks in a degrading and humiliating matter does not rise to the level of cruel and unusual punishment). "Assaults that result in only de minimus harm do not rise to the level of constitutional infractions unless the behavior of the officer in question can be deemed 'repugnant to the conscience of mankind.'" *Washington*, 186 Fed.Appx. at 866. Although the defendant's insertion of his thumb in between the plaintiff's buttocks during a pat-down search could be inappropriate and vulgar, it is not repugnant to humanity's conscience. *See id.*

### 3.4 Plaintiff's Additional Motions

Since the completion of briefing on the motions for summary judgment, the plaintiff has filed a motion to strike, a motion to enforce judgment, a motion for restraining order, a motion for injunction, a motion to appoint counsel, a motion for TV conference, a motion for a court order for a legal loan, a motion to strike all summary judgment, and a motion to strike false notice of voluntary dismissal. In granting the defendant's motion for summary judgment, the court determines that each of these motions is now moot and, as such, each must be denied.

Nevertheless, the court has reviewed all of the motions and notes that the plaintiff's allegations in the motions do not change the outcome of this case. The plaintiff submits that he was in observation status without a pen or paper during August and September 2011. He also suggests that there is a videotape of the search that has not been produced by the defendants.

However, even if the court had a video of the search, the plaintiff does not suggest that it would reveal more than he has stated. Thus, it would not change the outcome of this case.

Accordingly,

IT IS ORDERED that the plaintiff's motion for summary judgment (Docket #50) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendant's motion for summary judgment (Docket #55) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment dismissing plaintiff's claims against the defendant;

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment (Docket #63) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion to strike (Docket #72) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion to enforce judgment (Docket #74) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for restraining order (Docket #79) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for injunction (Docket #79) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion to appoint counsel (Docket #81) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for TV conference (Docket #84) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion for court order for legal loan (Docket #85) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion to strike all summary judgment (Docket #86) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the plaintiff's motion to strike false notice to voluntarily dismiss (Docket #87) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge